IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY A. LEWIS, SR. )<br>    Plaintiff, )<br>v. )<br>)<br>GHERTNER & COMPANY )<br>    Defendant. ) | Civil Action No. 3:21-cv-734<br>Judge Trauger/Frensley |

## REPORT AND RECOMMENDATION

This is an employment discrimination action filed by the pro se Plaintiff against the Defendant on September 23, 2021. Docket No. 1. On September 28, 2021, the Plaintiff filed a letter noting his change of address and a letter from the EEOC. Docket Nos. 5 and 6. On September 30, 2021, the Clerk of Court issued summons to the Defendant in this matter and provided a service copy to the Plaintiff by regular mail. Docket No. 7. On October 15, 2021, this matter was referred to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. Docket No. 9.

To date, Plaintiff has not returned the summons or provided any additional information regarding the status of service in this case. Notably, the Defendant has not responded to the Complaint nor has counsel entered an appearance on behalf of the Defendant.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants in this case have not been served with process within the time period set out

in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980).

On May 24, 2022, the Court entered an Order directing the Plaintiff to file a notice with the Court outlining the service of process and show cause as to why this action should not be dismissed for failure to prosecute. Docket No. 10. The Court set a deadline for the Plaintiff to respond of July 1, 2022. *Id.* To date, the Plaintiff has not responded to the Court's show cause order.

The Clerk issued a summons to the Plaintiff for the Defendant on September 30, 2021. Docket No. 7. However, the Plaintiff has not returned the summons in this case. Fed. R. Civ. P. 4(c)(1) requires that "a summons must be served with a copy of the Complaint. The Plaintiff is responsible for having the summons and the Complaint served within the time allowed by Rule 4(m) . . . ."

Plaintiff's failure to serve or return the summons as required by Federal Rules of Civil Procedure 4(m) in over ten (10) months and failure to respond to this Court's show cause order indicates that he has lost interest in prosecuting this case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days

from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

    **IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**